Francis H. Robinson, Respondent, *v.* Walter G. Campbell, Appellant.

First Department, April 7, 1922.

Witnesses — trial — direct examination of plaintiff to show actual consideration — error to refuse to allow cross-examination of plaintiff on same subject.

In an action to recover on a promissory note in which the plaintiff testified that the amount of the note represented certain stocks held by him which he had transferred to the defendant, it was error for the court to refuse to allow the defendant to cross-examine the plaintiff as to the consideration for the note in suit or to ask him what the stock was which had been referred to by the plaintiff in his direct examination and which defendant had obtained from him, or to go into the consideration for the note in any manner.

Appeal by the defendant, Walter G. Campbell, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of July, 1921, upon the verdict of a jury rendered by direction of the court.

*Roe, Lilly & Kramer* [*Albert Mannheimer* of counsel], for the appellant.

*Charles Franklin* [*I. L. Broadwin* of counsel], for the respondent.

Dowling, J.:

The complaint herein alleges: (1) That on or about July 29, 1920, at the city of New York, the defendant borrowed from plaintiff the sum of $1,000, which defendant promised to repay, with interest from said day, on or before October 1, 1920, at 192 Broadway, New York city. (2) That at the same time the defendant executed and delivered to the plaintiff his written promise to pay said sum, as aforesaid, of which the following is a true copy:

"NEW YORK CITY, N. Y.
"*July* 29, 1920.

"On or before October first, 1920, I, W. G. Campbell, promise to pay to Francis H. Robinson, his heirs or assigns, the sum of One thousand Dollars ($1,000), with interest at six per cent. per annum. For value received at his office, 192 Broadway, New York City, N. Y.

"Witness:                    (Signed)   W. G. CAMPBELL.
        "GORDON H. PRICE."

(3) That thereafter and before the commencement of this action plaintiff duly demanded payment of the same from the defendant, but no part of said sum has been paid and there is now due and owing from the defendant to the plaintiff the said sum of $1,000, with interest at six per cent from July 29, 1920.

The answer is a general denial of every allegation in the complaint.

Upon the trial plaintiff offered in evidence the note set forth in the complaint and it was received on the court's ruling that "it may be received as evidence of the money that was had." Plaintiff was then interrogated as follows by his counsel on direct examination: "Q. That thousand dollars was paid for what; what was the consideration for this thousand dollars? Mr. White: I object to that, if your Honor please; there is no thousand dollars shown to have been paid. The Court: He may answer. Exception A. That was paid for certain stocks held by me that Mr. Campbell was desirous of securing. Q. And did he get those stocks? A. He did."

On cross-examination the plaintiff identified a paper dated July 29, 1920, reciting that it was given in consideration of the note referred to, and it was received in evidence and yet when it was sought to examine plaintiff as to this paper, objection thereto was sustained. Furthermore, defendant was not allowed to cross-examine plaintiff as to the consideration for the note in suit, nor to ask him what the stock was which had been referred to by plaintiff in his direct examination and which defendant had obtained from him, nor to go in any way into the consideration for the note.

As plaintiff himself had undertaken to show affirmatively what the actual consideration for the note was, it was error to refuse to allow defendant to cross-examine him upon the subject.

The judgment appealed from will be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.